NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS GARCERAN,<br><br>　　　　　　Plaintiff,<br>v.<br><br>KEVIN WEINMAN, ESQ.; ROY KURNOS, ESQ., BELSOLE & KURNOS, EMMA MERRIDETH; NEW JERSEY BAR ASSOCIATION; MORRIS COUNTY NJ SUPERIOR COURT; MORRIS COUNTY SUPERIOR COURT, ADMINISTRATOR OF THE COURT,<br><br>　　　　　　Defendants. | Civil Action No.: 15-3133 (CCC)<br><br><br>REPORT & RECOMMENDATION |

**FALK, U.S.M.J.**

*Pro se* Plaintiff Carlos Garceran commenced this action by filing a twelve page certification, which he refers to as a "federal malpractice lawsuit," against Kevin Weinman, Esq., the attorney that represented his former wife in a divorce proceeding, Mr. Weinman's firm, Belsole & Kurnos, LLC, Roy Kurnos, Esq., an attorney in that firm, and Emma Meredith, an administrative assistant at Belsole & Kurnos.  Also named as Defendants are the New Jersey Bar Association, the Morris County Superior Court and

the Administrator of the Court.[1]

Before the Court is a motion to dismiss the complaint for lack of federal subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim, pursuant to Rule 12(b)(6), filed by Defendants Weinman, Kurnos, Meredith, and Belsole & Kurnos.  [ECF No. 4.][2]  Plaintiff's opposition was due October 1, 2015, but nothing has been filed, and the motion appears unopposed on the docket.  For the reasons stated below, it is recommended that the motion be **GRANTED** and the case dismissed.

A motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule 12(b)(1) may be raised at any time.  Iwanowa v. Ford Motor Co., 67 F. Supp. 2d 424, 437-38 (D.N.J. 1999).  The defendant may facially challenge subject matter jurisdiction by arguing that the complaint, on its face, does not allege sufficient facts to establish subject matter jurisdiction.  Id.  When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff "must bear the burden of persuasion."  Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint

---

[1] Mr. Garceran filed a substantially similar lawsuit against the same Defendants in April 2014, which was dismissed in February 2015 for failure to state a claim.  See Civ. A. No. 12-2135, CM/ECF Nos. 1, 14, 19-22. Mr. Garceran appealed to the Third Circuit Court of Appeals, which dismissed his appeal for lack of prosecution.  See id. at ECF No. 25.

[2] According to the docket, although summons were issued on May 7, 2015, the remaining Defendants have never been served with the Complaint.

if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all of the allegations in the Complaint as true and view them in the light most favorable to the plaintiff. See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." Id. A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is responsible for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While "[t]he plausibility standard is not akin to a probability requirement it asks for more than a 'sheer possibility.'" Id.

## RECOMMENDATION

Dismissal of the Complaint here is appropriate for multiple reasons. First, Plaintiff has failed to establish federal subject matter jurisdiction. Even construed in the most

indulgent way possible given Plaintiff's *pro se* status,³ Plaintiff's 12-page certification, which doubles as the Complaint, contains a series of somewhat disjointed paragraphs rehashing the state court divorce proceedings and alleging a panoply of alleged wrongs committed by his former wife's attorneys. The filing amounts to claiming that the moving defendant attorneys are unethical, alleging they harassed him, and criticizing the state court's handling of the divorce proceedings. There is no inkling of federal subject matter jurisdiction present on the face of the Complaint. Plaintiff's failure to submit opposition further supports that the case does not belong in federal court.

Second, the Complaint clearly does not state a plausible claim for relief under Rule 12(b)(6) and likely does not satisfy the "notice pleading" requirements of Federal Rule of Civil Procedure 8(a). See Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (Rule 8 requires a "short, plain" statement of the claim). Again, the pleading amounts to a general statement of Plaintiff's displeasure with his former wife's attorneys and the outcome of a prior lawsuit. There are no cognizable claims that the Court can discern from the face of the pleading. Moreover, to the extent there are any claims, they would appear to be the same as those that were already dismissed in February 2015, *see* footnote 1, *supra*.

Finally, the Complaint as against the New Jersey Bar Association, the Morris

---

³ *Pro se* submissions must be given a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

County Superior Court and the Administrator of the Court should also be dismissed, even though they have not filed a motion, because the Court lacks subject matter jurisdiction, and because Plaintiff has failed to serve those Defendants for more than seven (7) months.  See Fed. R. Civ. P. 4(m) (requiring dismissal for failure to serve after 120 days; recently amended to 90 days).

## CONCLUSION

For the reasons set forth above, and in light of Plaintiff's failure to oppose the motion, it is respectfully recommended that the motion to dismiss [ECF No. 4] be **GRANTED** and the case be closed.

>                             s/Mark Falk
>                             **MARK FALK**
>                             **United States Magistrate Judge**

**DATED: January 6, 2016**